BASCHAB, Presiding Judge,
dissenting.
Because I disagree with the majority’s conclusion that the State was not required to present scientific evidence that oxyco-done is actually opium and its conclusion that, because oxycodone is included in the Schedule II list of controlled substances, it is, as a matter of law, included within the prohibition in § 13A-12-231(3), Ala.Code 1975,1 must respectfully dissent.
Schedule II lists oxycodone under an umbrella category of opium and opiates. However, § 13A-12-23R3), Ala.Code 1975, does not specifically include opiates. Rather, it includes only opium-based substances and morphine. Further, the definition of an opiate as set forth in Chapter 120-7-2-02(6), Ala. Admin. Code (DepaHment of Public Health) does not require that a substance actually contain opium.[2] *41 Because Schedule II does not include detailed information regarding the nature of the substances included under the umbrella term of opium and opiates, it is inappropriate for this court to rely solely on the list of Schedule II substances to conclude that oxycodone is an illegal drug under § 13A-12-231(3), Ala.Code 1975. For example, morphine is included in the Schedule II list of opium and opiates. However, § 13A-12-231(3), Ala.Code 1975, specifically designates morphine as an illegal drug under that section. This implies that the mere fact that morphine is included on the Schedule II list of opium and opiates does not necessarily dictate a finding that it contains opium and would otherwise be included in § 13A-12-231(3), Ala.Code 1975.
Also, I do not believe that Lawrence v. State, 928 So.2d 894 (Miss.Ct.App.2005), supports the majority’s holding. Lawrence does not address the burden of proof in a prosecution for trafficking in illegal drugs. Rather, it involves a conviction for transferring a controlled substance. In that case, Lawrence argued that, even though oxycodone was on the list of controlled substances, the prosecution must still prove that it was, in fact, a Schedule II controlled substance. The Mississippi Court of Appeals held that, “when a defendant is charged with possession of a specific substance that is defined by statute as a ‘controlled’ substance, the State need only prove that the substance is one that is listed in the schedules.” Lawrence, 928 So.2d at 899. Of course, inclusion on a list of controlled substances would obviate the need to prove that the substance is indeed a controlled substance. Although Lawrence supports a general proposition of law regarding substances that are included in the schedules of controlled substances, it does not address the specific issue here.
Accordingly, even though oxycodone is included in Schedule II under opium and opiates, the State must still prove that it is either opium; a salt, isomer, or salt of an isomer of opium; or a mixture containing opium. Because the State did not present any evidence that oxycodone is actually opium; a salt, isomer, or salt of an isomer of opium; or a mixture containing opium in this case, it did not prove that the appellant committed the offense of trafficking in illegal drugs pursuant to § 13A-12-231(3), Ala.Code 1975. Therefore, we should reverse his conviction and sentence for trafficking in illegal drugs and render a judgment in his favor.

. Because the Alabama Department of Public Health's Administrative Code sets forth a definition of opiate, I believe it is inappropriate to rely on outside resources for a definition. However, I note that other resources use various definitions for the term "opiate.” Medici-
*41 neNet.com defines the term “opiate” as "[a] medication or illegal drug that is either derived from the opium poppy, or that mimics the effect of an opiate (a synthetic opiate).” Answers.com Health defines the term “opiate” as:
"1. Any of various sedative narcotics containing opium or one or more of its natural or synthetic derivatives.
“2. A drug, hormone, or other chemical substance having sedative or narcotic effects similar to those containing opium or its derivatives: a natural brain opiate. Also called opioid.
"3. Something that dulls the senses and induces relaxation or torpor.”